**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

WILLIAM LLOYD ALFRED, JR,                    )
                                                              )
                              Plaintiff,         )
                                                              )       2:13-cv-00519-JCM-VCF
v.                                                           )
                                                              )       **O R D E R  A N D**
                                                              )       **REPORT & RECOMMENDATION**
DOUG E. GILLESPIE, *et al*,                   )
                                                              )       (Motion/Application to Proceed *In Forma*
                                                              )       *Pauperis* #1 and Screen Complaint #1-1)
                              Defendants.        )
_____ )

        Before the court are plaintiff William Lloyd Alfred, Jr's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).  The court held a hearing on April 18, 2013, at 9:00 a.m. (#2 and #3).[1]

**I.      *In Forma Pauperis* Application**

        Plaintiff Alfred William Lloyd Jr. asserts in his motion/application that he receives $7.84 per month, and that he has a zero balance in his bank account.  (#1).  Plaintiff also asserts that he pays rent and utilities, but does not provide the court with the amount he pays for either.  *Id.*  The court asked plaintiff during the hearing to explain his financial situation, and plaintiff stated that he receives disability income of $784.00 a month, pays $350 in rent (plaintiff did not state how much he pays in utilities), and $35 for his student loan.  Accordingly, plaintiffs' request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

_____

        [1]As the court stated during the hearing, plaintiff is encouraged to try to retain counsel for this action.  For assistance, the plaintiff can contact The Lawyer Referral and Information Service by visiting http://www.nvbar.org/content/lris-online-referral-request or http://www.nvbar.org/content/lawyer-referral-information-service, or calling 702-382-0504 or toll free 800-789-LRIS (5747).

## II.      Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.      Plaintiff's Allegations

The caption of plaintiff's complaint reads  "William v. Dough E. Gillispie, Metro-Police Dept, Et Al."  (#1-1).  Plaintiff states under "defendant" that "Dough E. Gillispie" is employed as "Sheriff."  *Id.*  Plaintiff does not list any other defendants within the body of his complaint, but states that Las Vegas Metropolitan Police Department's (hereinafter "Metro") actions caused his injuries .  *Id.*  As an initial matter, according to Metro's website,[2] the Sheriff's name is **"Douglas C. Gillespie."**  If plaintiff amends his complaint to assert a claim against defendant Gillespie, plaintiff should properly name

---

[2] http://www.lvmpd.com/AboutLVMPD/OfficeoftheSheriff/SheriffDouglasCGillespie.aspx

Sheriff Gillespie as a defendant.  The court should construe his complaint liberally, and find that naming Metro in the caption and stating factual allegations against Metro is sufficient to name Metro as a defendant.  *See Haines,* 404 U.S. at 520.

Plaintiff allegations arise out of his arrests for being a sex-offender and failing to register.  (#1-1).  He asserts that the defendants violated his 4th, 5th, 8th, and 14th Amendments and falsely imprisoned him, causing emotional and mental injuries, defamation to his character, slander to his name, embarrassment, discrimination against him, and for him to fear for his life.[3]  *Id.*  Based on the fact that he filed his complaint on the civil rights complaint form and that he asserts violations of his civil rights, the court finds that plaintiff intends to assert a civil rights claim under § 1983.  *Id.*

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).  Plaintiff's complaint alleges claims against Sheriff Gillespie and Metro.  (#1-1).  Therefore he satisfies the first requirement.  *Monroe*, 365 U.S. 167.  The court will address each of his claims for relief below to determine whether plaintiff satisfies the second requirement.

### 1.    Fourth Amendment-Free From Illegal Search and Seizures

Plaintiff alleges that he was subjected to "multiple illegal search and seizures, that...resulted from the false arrest charge of Sex-Off-Failure to Register" on 9-2-04, 10-13-04, 8-2-07, 10-25-07, 7-8-08, 8-1-08, and 9-1-08, "without probable cause."  (#1-1).  Plaintiff alleges that theses illegal searches

---

[3]Plaintiff does not assert claims for relief of defamation, emotional distress, or slander, rather he lists them as his injuries.  (#1-1).

3

and seizures resulted in humiliation, stress, mental suffering, worrying, fear, loss of property, loss of liberty, and psychological drama. *Id.* Plaintiff states that the charges of being a sex offender who failed to register have "been determined by the court as an illegal charge and false arrest, case dismissed or several court dates." *Id.* Although plaintiff does not name Metro as a defendant in the "defendants" section of his complaint, plaintiff does state that his injuries were the result of the "multiple arrests of from (sic) the Las Vegas Metropolitan Police Dept." *Id.*

### a. Sheriff Gillespie

Plaintiff does not state whether his claims are against Sheriff Gillespie in his official or individual capacity. *Id.* The court will address both herein. "There is no longer a need to bring official capacity actions against local government officials [in their official capacities], for under Monell . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Because an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where both the officer and the entity are named. *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.2d 780, 799 (9th Cir. 2008). Any Fourth Amendment claim against Sheriff Gillespie in his official capacity should be dismissed. *Id.*

Under § 1983, supervisory officials are not vicariously liable for actions of their subordinates. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Rather, a supervisor may be held liable if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Supervisory liability may be based on policy implementation rather than personal participation where the policy is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotations and citation omitted).

Here, plaintiff does not allege that Sheriff Gillespie had any personal involvement with the

4

alleged illegal search and seizures or that he implemented a policy that caused the alleged illegal search and seizures. (#1-1). Plaintiff's Fourth Amendment claims under § 1983 against defendant Sheriff Gillespie in his individual capacity should be dismissed. *Pembaur*, 475 U.S. at 479; *Hansen*, 885 F.2d at 646.

### b. Las Vegas Metropolitan Police Department

Plaintiff titles his claim as a "4th Amendment to be free from illegal search seizure," but his allegations do not state that the searches or the seizures that resulted in his arrests, or the arrests themselves, were somehow unreasonable. (#1-1); *Fontana v. Haskin,* 262 F.3d 871, 878 (9th Cir. 2001)(holding that the Fourth Amendment's requirement that a seizure be reasonable includes physical abuse, intrusion, and harassment). The allegations in plaintiff's complaint are more properly found in a Fourth Amendment violation for unlawful arrest without probable cause, as he asserts that the illegal searches and seizures resulted from the false arrests. (#1-1). As plaintiff is *pro se,* the court should construe his claim as such. *See Haines,* 404 U.S. at 520.

"A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.' *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir.2001)." *Perez-Morciglio v. Las Vegas Metro. Police Dep't,* 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011). "An arrest generally must be supported by probable cause. *Dubner,* 266 F.3d at 964–65. Probable cause exists if, at the moment of arrest, 'under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime.' *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir.2007) (quotation omitted)." *Id* at 1121.

Taking plaintiff's allegations that there was no probable cause for the arrests and that the court determined that the arrests were illegal and "false arrests" (#1-1) as true, and construing them in light most favorable to plaintiff, plaintiff has satisfied the second prong to assert a § 1983 claim against Metro, and this claim should survive. *Russell*, 621 F.2d at 1039.

## 2.    Fifth and Fourteenth Amendments-Double Jeopardy

Plaintiff alleges that the defendants violated the double jeopardy clauses of the 5th and 14th Amendments, as he was arrested multiple times for the same offense by Metro, "without conviction," which resulted in 136 days of his loss of liberty.  (#1-1).

### a. Fifth Amendment

The Supreme Court has "recognized that the Double Jeopardy Clause consists of several protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Schiro v. Farley*, 510 U.S. 222, 229, 114 S. Ct. 783, 789, 127 L. Ed. 2d 47 (1994)(quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted)).  "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Id* (citing *United States v. Wilson*, 420 U.S. 332, 339, 95 S.Ct. 1013, 1020, 43 L.Ed.2d 232 (1975)).  "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006).

"Because full vindication of the right necessarily requires intervention before trial, federal courts will entertain pretrial habeas petitions that raise a colorable claim of double jeopardy." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992)(citing *Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir.1983)).  "[I]f a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Abney v. U. S.*, 431 U.S. 651, 662, 97 S. Ct. 2034, 2041, 52 L. Ed. 2d 651 (1977).

Plaintiff's claim of double jeopardy under the Fifth Amendment fails for two reasons: (1) he admits that he has not been convicted, acquitted, or prosecuted for the same offense, rather he asserts

that he was arrested for the same crime of being a sex offender who failed to register from 2004-2008 *without* conviction, *without* punishment, and *without* a trial, and (2) the appropriate procedure to assert a double jeopardy claim is either through an appeal or habeas petition (neither of which are applicable here because plaintiff does not meet the requisite to assert double jeopardy under the Fifth Amendment).  The court should dismiss plaintiff's claim for double jeopardy under the Fifth Amendment.  *Ashcroft*, 129 S.Ct. at 1949.

### b. Fourteenth Amendment

Double jeopardy clause of the Fifth Amendment is applicable to the states through due process clause of the Fourteenth Amendment.  *State of Conn. ex rel. Blumenthal v. Tobacco Valley Sanitation Serv. Co.*, 818 F. Supp. 504, 506 (D. Conn. 1993).  Plaintiff does not allege in any way that his due process rights were violated, and only alleges that he was arrested for committing the same offense several times and that the charges were dismissed.  (#1-1).  Plaintiff's Fourteenth Amendment claim for double jeopardy should be dismissed.  *Ashcroft*, 129 S.Ct. at 1949.

### 3.   Eighth Amendment- Excessive Bail, Cruel and Unusual Punishment

Plaintiff alleges that he was subjected to excessive bail of $3,000.00, "amounting to no bail for [an] indigent plaintiff," for the false arrest charge of sex offender failure to register.  (#1-1).  Plaintiff also asserts that he was subjected to cruel and unusual punishment by being unlawfully incarcerated and subjected to fear from other inmates and Metro officers.  *Id.*

### a. Excessive Bail

"In setting bail, the State may take into account compelling government interests, such as public safety or the likelihood of flight to ensure a defendant's presence at trial."  *Victory v. Lewis*, C 03-1061 JSW (PR), 2008 WL 3926406 (N.D. Cal. Aug. 25, 2008)(citing *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (fixing of bail must be based on standards relevant to purpose of assuring defendant's presence)).  "The plain meaning of 'excessive bail' does not require that it be beyond one's means, only that it be greater than necessary to achieve the purposes for which bail is imposed."  *Galen*

*v. Cnty. of Los Angeles*, 477 F.3d 652, 661-62 (9th Cir. 2007)(citing *Salerno*, 481 U.S. at 754, 107 S.Ct. 2095).  To survive on a § 1983 claim, the plaintiff must allege that the defendants were the "actual and proximate cause of his bail enhancement." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007).

Plaintiff alleges that the $3,000.00 bail was for four separate arrests.  (#1-1).  This amounts to a $750.00 bail set for each offense.  Plaintiff alleges that this is excessive for "an indigent" person, but does not allege that it is "greater than necessary to achieve the purposes for which bail is imposed." *Id*; *Galen*, 477 F.3d at 661-62.  Plaintiff also does not allege that Metro officers were the "actual and proximate cause of his bail enhancement." *Galen*, 477 F.3d at 663.  Plaintiff's claim of excessive bail cannot survive and should be dismissed.  *Ashcroft*, 129 S.Ct. at 1949.

### b. Cruel and Unusual Punishment

Plaintiff's claim of "cruel and unusual punishment" states that he was unlawfully incarcerated after being arrested for failure to register (not that he was convicted and imprisoned), and that he was subjected to fear for his life by inmates and officers.  (#1-1).  The allegations of unlawful incarceration are more appropriate in plaintiff's Fourth Amendment claim above for unlawful arrest.  Plaintiff's allegation that he was subjected to fear of his life, if intended to be a cruel and unusual excessive force claim under the Eighth Amendment, should be dismissed.  *Ashcroft*, 129 S.Ct. at 1949.

The Eighth Amendment does not give rise to a claim by a pretrial detainee.  *Graham v. Connor*, 490 U.S. 386, 398-99, 109 S. Ct. 1865, 1873, 104 L. Ed. 2d 443 (1989)(stating that the "Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")(quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977)).  The Eighth Amendment is only implemented post conviction, when the injury suffered  is "part of the total punishment to which the individual is being subjected for his crime." *Ingraham*, 430 U.S. at 669.
If plaintiff wishes to allege an excessive force claim relating to an incident of excessive force that

occurred pretrial, plaintiff should amend his complaint accordingly and assert facts to support such a claim.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Alfred's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that all of plaintiff's claims be DISMISSED except for plaintiff's claim for unlawful arrest in violation of the Fourth Amendment against the Las Vegas Metropolitan Police Department.  Among the claims dismissed, the dismissal of the Double Jeopardy claim should be *with prejudice,* and the dismissal of all other claims should be *without prejudice.*

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

. . .

. . .

. . .

. . .

. . .

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of April, 2013.

_____

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

10