UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM LLOYD ALFRED, JR.,

        Plaintiff(s),

v.

DOUG E. GILLESPIE, et al.,

        Defendant(s).

2:13-CV-519 JCM (VCF)

**ORDER**

Presently before the court is Magistrate Judge Ferenbach's report and recommendation that all of plaintiff William Lloyd Alfred, Jr.'s claims be dismissed except for his claim for unlawful arrest in violation of the Fourth Amendment against the Las Vegas Metropolitan Police Department. (Doc. # 4). To date, plaintiff has not filed objections.[1]

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

. . .

---

[1] The court acknowledges that plaintiff filed an amended complaint. (*See* doc. # 6). However the court will strike the amended complaint as premature. At the time of filing, the district court had not yet dismissed any of the claims in plaintiff's original complaint. The magistrate judge's order was a recommendation to this court. Further, plaintiff seeks to reassert his double jeopardy claim in his amended complaint, but this claim has been dismissed with prejudice, meaning that plaintiff may not reassert this claim.

**James C. Mahan**
**U.S. District Judge**

1    Where a party fails to object, however, the court is not required to conduct "any review at all
2 . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
3 Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate
4 judge's report and recommendation where no objections have been filed. *See United States v. Reyna-*
5 *Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district
6 court when reviewing a report and recommendation to which no objects were made); *see also*
7 *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's
8 decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any
9 issue that is not the subject of an objection."). Thus, if there is no objections to a magistrate judge's
10 recommendation, then this court may accept the recommendation without review. *See, e.g.,*
11 *Johnstone*, 263 F.Supp.2d at 1226 (accepting, without review, a magistrate judge's recommendation
12 to which no object was filed).

13    Nevertheless, this court finds it appropriate to engage in a de novo review to determine
14 whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation
15 and plaintiff's original complaint, this court finds good cause to adopt the magistrate's findings in
16 full.

17    Accordingly,

18    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and
19 recommendation of Magistrate Judge Ferenbach (doc. # 4) be, and the same hereby is, ADOPTED
20 in its entirety.

21    IT IS FURTHER ORDERED the clerk of the court file the complaint (doc. # 1-1).

22    IT IS FURTHER ORDERED that all of plaintiff's claims except for his claim for unlawful
23 arrest in violation of the Fourth Amendment are DISMISSED. Plaintiff's claim for double jeopardy
24 is dismissed with prejudice. All other dismissed claims are without prejudice.

25    IT IS FURTHER ORDERED that the clerk of the court strike plaintiff's amended complaint
26 (*see* doc. # 6) as premature and in violation of this court order.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, must do so within thirty (30) days of entry of this order.[2]

DATED May 14, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Amendment must be to cure the deficiencies identified in the report and recommendation. (*See* doc. # 4). The amended complaint may only reassert those claims that have been dismissed without prejudice. Plaintiff may not reassert his double jeopardy claim as it has been dismissed with prejudice. However, if plaintiff chooses not to amend, his original complaint may serve as the operative complaint for his claim for unlawful arrest in violation of the Fourth Amendment, as this claim was not dismissed.