**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WILLIAM ALFRED, <br><br> Plaintiff, <br> vs. <br><br> DOUGLAS E. GILLISPIE, *et al.*, <br><br> Defendants. | 2:13–cv–00519–JCM–VCF <br><br> **REPORT & RECOMMENDATION** |

Before the court is Plaintiff William Alfred's amended complaint (#9[1]). On May 14, 2013, United States District Judge, James C. Mahan, adopted this court's report and recommendation, which dismissed Alfred's complaint with leave to amend. (*See* Order #7). In pertinent part, Judge Mahan's May 14, 2013 order (1) dismissed Alfred's double jeopardy claims under the Fifth and Fourteenth Amendments with prejudice and (2) permitted Alfred's Fourth Amendment claim to proceed. (*Id.*) The court also allowed Alfred to file an amended cause of action under the Eighth Amendment. (*Id.*)

On June 16, 2013, Alfred filed an amended complaint. The complaint alleges two counts. Count I claims that Defendants violated Alfred's Fourth Amendment rights. (Amend. Compl. (#9) at 4). Judge Mahan's May 14, 2013 order permitted this cause of action to proceed. (Order #7). Count II of Alfred's amended complaint alleges violations of Alfred's Fifth and Fourteenth Amendment rights. (Amend. Compl. (#9) at 5). Count II is identical to the claim that Judge Mahan previously dismissed with prejudice. *Compare* (Amend. Compl. (#9) at 5) *with* (Compl. (#1) at 5).

---

[1] Parenthetical citations refer to the court's docket.

1

Rather than ordering Alfred to file a second amended complaint that complies with Judge Mahan's order, the court finds that Count II of Alfred's complaint, which alleges violations of his Fifth and Fourteenth Amendment rights, should be stricken. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988) (Chief Judge Reed) (stating that district courts have an inherent power to strike that is separate from the power codified by Federal Rule of Civil Procedure 12(f)). Striking Count II serves two purposes. First, it avoids the undue delay and cost that would be caused by requiring Alfred to file a second amended complaint. *See* FED. R. CIV. P. 1 (directing courts to administer the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."). Second, it brings Alfred's complaint into compliance with Judge Mahan's order.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Count II of Plaintiff William Alfred's amended complaint (#9) be STRICKEN.

IT IS FURTHER RECOMMENDED that that the Clerk of Court file the complaint, issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER RECOMMENDED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil

Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER RECOMMENDED that from this point forward, plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of December, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE