# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILLIAM LLOYD ALFRED, JR.,

Plaintiff(s),

v.

DOUG E. GILLESPIE, et al.,

Defendant(s).

2:13-CV-519 JCM (VCF)

**ORDER**

Presently before the court is defendant Las Vegas Metropolitan Police Department's motion to dismiss. (Doc. # 25). Plaintiff William Lloyd Alfred, Jr. filed a response in opposition, (doc. # 28), and defendant filed a reply, (doc. # 29).

**I.   Background**

In this case, plaintiff asserts claims of violations of his civil rights pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff also asserts claims of false imprisonment, defamation, and slander.

**II.   Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

**James C. Mahan**
**U.S. District Judge**

1  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

2  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.
3  at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to
4  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

5  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
6  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
7  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950.
8  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
9  suffice. *Id.* at 1949.

10  Second, the court must consider whether the factual allegations in the complaint allege a
11  plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint
12  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
13  alleged misconduct. *Id.* at 1949.

14  Where the complaint does not permit the court to infer more than the mere possibility of
15  misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*
16  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
17  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

18  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
19  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
20  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
21  but must contain sufficient allegations of underlying facts to give fair notice and to enable the
22  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
23  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
24  be subjected to the expense of discovery and continued litigation." *Id.*

25  **III.    Analysis**

26  Defendant filed a motion to dismiss arguing, *inter alia*, that plaintiff's claims are barred by
27  the statute of limitations. Section 1983 provides a cause of action through which individuals may

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  raise claims against state officers for constitutional violations. "Because § 1983 does not contain a
2  statute of limitations, federal courts apply the forum state's statute of limitations for personal injury
3  claims." *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000). The Nevada statute of
4  limitations for a personal injury claim is two years. NRS 11.190(4)(e). Additionally, the Nevada
5  statute of limitations for slander and false imprisonment claims is also two years. NRS 11.190(4)(c).

6  Plaintiff's complaint refers to events that occurred on September 2, 2004, October 13, 2004,
7  August 2, 2007, October 25, 2007, July 8, 2008, August 1, 2008, and September 18, 2008. Plaintiff
8  filed this suit on March 26, 2013. Due to the fact that this suit was filed outside the two year statute
9  of limitations, plaintiff's claims are time barred.

10  Because failure to conform to the statute of limitations cannot be corrected through
11  amendment, the court will dismiss count one with prejudice. Furthermore, the court previously
12  struck count two. (Doc. # 20). Therefore, the court will dismiss the complaint in its entirety.

13  **IV.  Conclusion**

14  Accordingly,

15  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Las Vegas
16  Metropolitan Police Department's motion to dismiss, (doc. # 25), be, and the same hereby is,
17  GRANTED.

18  IT IS FURTHER ORDERED that the complaint is DISMISSED WITH PREJUDICE.
19  The clerk is instructed to enter judgment accordingly and close the case.
20  DATED August 6, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -